IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW JAMISON,                          )
                                         )
            Plaintiff,                   )
                                         )
                                         )        CIV-15-278-W
v.                                       )
                                         )
FEDERAL TRANSFER CENTER,                 )
OKLAHOMA CITY MEDICAL                    )
DEPARTMENT,                              )
                                         )
            Defendants.                  )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se*, filed this action on March 19, 2015,

seeking compensatory damages for alleged "negligent, wrongful acts or omission [sic] by

government employees." Plaintiff is presently confined at the Federal Transfer Center in

Oklahoma City. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint is labeled "Bivens Action to Imminent Danger of a Serious

Physical Injury Caused by Negligent, Wrongful Acts or Omission by Government

Employee(s)." With his Complaint, Plaintiff has filed a pleading entitled "Motion to Waive

or Excuse Filing Fee," in which Plaintiff requests leave to file this action without prepayment

of the required filing fee on the basis that he is "in imminent danger of a serious physical

injury" and he is "indigent."

1

The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521 (2011).

Due to a history of filing frivolous civil actions, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g).[1] Plaintiff therefore may not proceed *in forma pauperis* unless he shows he is in imminent danger of serious physical injury. To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). As Plaintiff has been advised previously by the Tenth Circuit Court of Appeals, "[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the

---

[1] Jamison v. State of Mississippi, No. 3:13CV161-SA-JMV (N.D. Miss. Feb. 27, 2014)(Order of Dismissal)(Aycock, D.J.)(dismissing action as frivolous); Jamison v. United States, No. 13-2420-JDT-tmp (W.D.Tenn. July 22, 2013)(Order)(Todd, D.J.)(dismissing action as frivolous and malicious); Jamison v. United States, No. 13-2220-JDT-dkv (W.D.Tenn. June 21, 2013)(Order Denying Leave to Amend[,] Order of Dismissal[,] Order Certifying Appeal Not Taken in Good Faith[,] Notice of Appellate Filing Fee[,] and Notice of Restrictions Under 28 U.S.C. §1915(g))(Todd, D.J.), aff'd, No. 13-5997 (6th Cir. Mar. 28, 2014)(dismissing action for failure to state a claim); Jamison v. Hawk, No. 3:12-cv-150-RJC (W.D.N.C. May 31, 2012)(Order)(Conrad, Chief D.J.)(dismissing action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim); Jamison v. Epps, No. 3:07-cv-351-HTW-LRA (S.D.Miss. Jan. 30, 2008)(Memorandum Opinion Dismissing the Plaintiff's Complaint)(Wingate, Chief D.J.)(dismissing action as malicious).

time the complaint is filed." <u>Stine v. U.S. Fed. Bureau of Prisons</u>, 465 Fed. Appx. 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotation marks and citation omitted).   <u>Accord</u>, <u>Fuller v. Wilcox</u>, 288 Fed. App'x. 509, 511 (10th Cir. 2008)("[A]llegations of past injury or harm are insufficient.")(unpublished op.).

Plaintiff alleges that he was previously diagnosed with a benign cyst on his neck, that he has "lumps on his arms and abdomen area," that he wants a "T-cell blood count [test to] prove [he] has a chronic disorder," that an "HIV test . . . was negative,"and that he is "dissatisfied" with the medical treatment he has received.   Plaintiff has not made a credible allegation of imminent, serious physical harm, and his application seeking leave to proceed *in forma pauperis* should be denied pursuant to 28 U.S.C. § 1915(g).


RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's application seeking leave to proceed *in forma pauperis* be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the full filing fee on or before __April 13th__, 2015. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____April 13th____, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.   The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed

waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___24th___ day of ____March____, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE