IN THE UNITED STATES DISTRICT COURT FOR 

THE WESTERN DISTRICT OF OKLAHOMA

ANDREW JAMISON, )
)
Plaintiff, )
)
vs. ) No. CIV-15-278-W
)
FEDERAL TRANSFER CENTER, )
OKLAHOMA CITY MEDICAL )
DEPARTMENT, )
)
Defendant. )

## ORDER

On March 24, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Motion to Waive or Excuse Filing Fee filed by plaintiff Andrew Jamison be denied and that Jamison be ordered to pay the filing fee in full. Jamison was advised of his right to object, see Doc. 4 at 3, and the matter now comes before the Court on Jamison's Objection to the Report and Recommendation [Doc. 5].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Jamison's request that he be permitted to proceed in this matter without prepayment of the filing fee because he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] After reviewing Jamison's initial pleading

---

[1] Jamison has accumulated three strikes under 28 U.S.C. § 1915(g), which is "the 'three strikes' provision of the in forma pauperis statute, as amended by the Prison Litigation Reform Act of 1995 ('PLRA')." Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 778 (10th Cir. 1999). This section provides in pertinent part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it

(and his subsequent papers) and taking his allegations as true, the Court finds that Jamison's complaint does not plausibly allege facts suggesting that Jamison was in imminent danger at the time the action was commenced.[2]

---

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "'[S]o-called "frequent filer" prisoners [subject to this provision are required] to prepay the entire filing fee before federal courts may consider their civil actions . . . .'" Jennings, 175 F.3d at 778 (quoting White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)).

[2]Jamison entitled his initial pleading as "Bivens Action to Imminent Danger of a Serious Physical Injury Caused by Negligent, Wrongful Acts or Omission by Government Employee(s)," Doc. 1, and he complained therein that he has been denied "a T-cell blood count and ultrasound of the lumps on . . . [his] arms and abdomen." Id. at 1. Although Jamison has conceded that it "look[s] as if [he] . . . is healthy," id. at 2, he has alleged that had "a T-cell count and ultrasound [been] . . . properly conducted . . . [such] would have confirmed [he] . . . ha[s] cancer or a chronic disorder." Id. at 1. Jamison has further alleged that although the lump in his throat has been diagnosed "as a Thyroglossal Duct Cyst," id., "a rare but occasional cause of a benign midline neck mass," id. at 2, he "is dissatisfied with th[at] determination . . . ." Id.
    To circumvent Magistrate Judge Purcell's admonition that "'[a]llegations of past harm do not suffice,'" Doc. 4 at 2 (quotation omitted), Jamison in his Objection to the Report and Recommendation has now complained that he "has been suffering from severe pain to his abdomen," Doc. 5 at 1, that he "continues to be in pain," id., and that "his condition is getting worse." Id. at 2. Jamison's Objection also reveals, however, that a blood test as well as an "ultra scan" has been conducted. Id. at 1. Jamison's complaint also reveals that medical personnel "look[ed] at [his] . . . arms and abdomen," Doc. 1 at 2, and opined that "that they were fatty tumors and . . . harmless." Id.
    In those situations where a prisoner complains about medical deliberate indifference to overcome the PLRA's statutory three-strike hurdle, the prisoner must "make a 'specific reference as to . . . what medication or treatment for what ailment on what occasion,'" Hafed v. Federal Bureau of Prisons, 635 F.3d 1172, 1180 (10th Cir. 2011)(quoting White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 2011)), he has been denied; he must likewise "identify . . . 'the general nature of "the serious physical injury" he asserts is imminent.'" Id. (quoting White, 157 F.3d at 1232). While Jamison has advanced specific allegations about what he believes to be the risks associated with the denial of alleged medical care, Jamison has only speculated that his health is at risk and for the most merely expressed his dissatisfaction with the medical treatment he has received. E.g., Doc. 1 at 2 (physician is neglectful because he "just went off his belief instead of [making] diagnosis using medical equipment that would have proven Plaintiff's condition").

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 4] issued on March 24, 2015;

(2) DENIES Jamison's Motion to Waive or Excuse Filing Fee [Doc. 2] file-stamped March 19, 2015;

(3) ORDERS Jamison to pay the filing fee of $400.00 in full to the Clerk of the Court on or before April 17, 2015; and

(4) ADVISES Jamison that if the filing fee is not paid in full by the designated date, this matter will be dismissed without prejudice.

ENTERED this 8th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE